**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SOUTH CENTRAL UNITED FOOD &** | § | |
| **COMMERCIAL WORKERS UNIONS** | § | |
| **AND EMPLOYERS HEALTH &** | § | |
| **WELFARE TRUST,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 3:09-CV-01924-B** |
| | § | |
| **v.** | § | |
| | § | |
| **BUNGE OILS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S FIRST AMENDED ANSWER**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Bunge Oils, Inc. ("Defendant") hereby submits its First Amended Answer, including affirmative and other defenses, to Plaintiff's Original Complaint:[1]

## I.   INTRODUCTION

1.   Defendant admits Plaintiff attempts to bring suit under 29 U.S.C. §§ 1132(g)(2) and 1145.  Defendant denies any violation of such sections or any other law.

2.   Defendant admits it was a signatory to a collective bargaining agreement but denies such agreement is still in effect.  Defendant denies all other allegations in paragraph 2.

3.   Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 3 and therefore denies same.

4.   Defendant admits it was obligated to make contributions to the Trust.  Defendant denies that it failed to do so and denies any other allegations in paragraph 4.

5.   Defendant denies the allegations in paragraph 5.

---

[1]  The Roman numerals and numbers herein correspond to those used by Plaintiff to label sections, headings, and paragraphs in the Complaint.

## II.   JURISDICTION AND VENUE

1.     Defendant admits this court has jurisdiction.

2.     Defendant admits Plaintiff attempts to bring this lawsuit under ERISA but denies any violation of same.

## III.   THE PARTIES

1.     Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 1 and therefore denies same.

2.     Defendant denies there are any named individual Plaintiffs.  Defendant admits venue is proper in the Northern District of Texas but denies venue is appropriate in the Dallas Division.  As to any remaining allegations in paragraph 2, Defendant is without knowledge sufficient to admit or deny them and therefore denies same.

3.     Defendant admits the allegations in paragraph 3.

## IV.   FACTUAL ALLEGATIONS

1.     Defendant admits it was a signatory to a collective bargaining agreement with United Food and Commercial Workers, Local 540.  Defendant further admits the agreement required contributions to the Trust.  Defendant denies that it failed to make such contributions and denies any other allegations in paragraph 1.

2.     Defendant admits the maximum rates are set forth in the collective bargaining agreement.  Defendant denies the Trust notified Bunge of any rate increases in a timely manner. Defendant denies all other allegations in paragraph 2.

3.     Defendant denies the allegations in paragraph 3.

4.     Defendant denies the allegations in paragraph 4.

5.      Defendant admits it has exchanged correspondence with the Trust regarding the subject matter in this lawsuit.  Defendant admits it has denied any liability.  Defendant denies any other allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

## V.   CONCLUSION

6.      *[sic]*  Defendant denies the allegations in paragraph 6.

## VI.   PRAYER

Defendant denies Plaintiff is entitled to the relief sought in the Prayer.  Defendant denies all other allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff did not satisfy legal and contractual conditions precedent for contributions to the Trust.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and/or laches.

3.      Plaintiff's claims are barred, in whole or in part, because the collective bargaining agreement and trust agreement upon which Plaintiff relies violate Section 302 of the Labor Management Relations Act.

4.      Plaintiff's claims are barred, in whole or in part, because the collective bargaining agreement relied upon by Plaintiff expired prior to any alleged contribution coming due thereunder or possible breach thereof by Defendant.

5.      Plaintiff's claims are barred, in whole or in part, due to the ambiguity of the collective bargaining agreement at issue, coupled with the parties' course of conduct.

6.      Plaintiff's claims are barred, in whole or in part, due to the operations of the doctrines of unilateral and/or mutual mistake.

7.     Plaintiff's claims are barred, in whole or in part, due to its prior material breaches of the collective bargaining agreement and/or trust agreement upon which it relies.

8.     Plaintiff's claims are barred, in whole or in part, due to impossibility of performance.

9.     Plaintiff's claims are barred, in whole or in part, due to the operation of the doctrine of unconscionability.

10.     Plaintiff's claims are barred, in whole or in part, due to the operation of the doctrines of modification and/or ratification.

11.     Plaintiff's claims are barred, in whole or in part, due to its failure to mitigate its alleged damages.

12.     Plaintiff's claims are barred, in whole or in part, due to the operation of the rule against perpetuities.

13.     Defendant affirmatively seeks its attorneys' fees and costs.   *See* 29 U.S.C. § 1132(g)(1).

PRAYER

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award Defendant any such other relief that this Court deems proper.

Respectfully submitted,

s/  Ron Chapman, Jr.
Ron Chapman, Jr.
Bar No. 00793489
ron.chapman@ogletreedeakins.com
Michael H Bell
Bar No. 24040504
michael.bell@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
700 Preston Commons
8117 Preston Road
Dallas, TX  75225
214.987.3800
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patrick M. Flynn                          David K. Watsky
Patrick M. Flynn, P.C.                    Gillespie Rozen & Watsky, P.C.
1225 North Loop West, Suite 1000          3402 Oak Grove Ave., Suite 200
Houston, Texas 77008-4722                 Dallas, Texas 75204-2353

/s/Ron Chapman, Jr.
Ron Chapman, Jr.

8482334.1

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT          PAGE 5**